IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 21-1295 |
| | : | |
| v. | : | |
| | : | |
| SOBER; THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                       April 14, 2021

The *pro se* petitioner has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges his conviction and sentence. Prior to filing this petition, it was incumbent on him to fully exhaust his claims in the state court. He has not yet done so, as he is still challenging his conviction and sentence on direct appeal in the state courts. Because the petitioner is still proceeding on direct appeal, this habeas petition is premature, and the court will dismiss it without prejudice to him to refile it once his state court proceedings have concluded.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The *pro se* petitioner, Frank Nellom, was arrested based on allegations that he stole electric service from the Philadelphia Electric Company ("PECO") through the use of an altered meter. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF pp. 45, Doc. No. 1-1 (attaching affidavit of probable cause);[1] *see also Commonwealth v.*

---

[1] The petitioner attached a number of documents to his habeas petition, but he did not mark them all as exhibits. It appears that the clerk of court docketed these attached documents at a separate document number. *See* Doc. No. 1-1. For ease of reference, the court hereinafter cites to the petitioner's attached documents as "Pet'r's Exs." and the form habeas petition itself, which is docketed at Doc. No. 1, as "Pet."

*Nellom*, 234 A.3d 695, 697–98 (Pa. Super. 2020) (describing facts presented at trial). In April 2019, the petitioner proceeded to a jury trial in the Court of Common Pleas of Delaware County, which concluded with the jury convicting him of one count of Theft of Services (18 Pa. C.S. § 3926(a)(1)).[2] *See Nellom*, 234 A.3d at 697, 698; Docket, *Commonwealth v. Nellom*, No. CP-23-CR-7367-2018 (Del. Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-23-CR-0007367-2018&dnh=YZTJbDhfARNwwKU%2FPwB7%2FQ%3D%3D ("Com. Pl. Docket"); Pet. at ECF pp. 1, 2, Doc. No. 1. The jury also found that the petitioner stole services exceeding $50 in value.[3] *Nellom*, 234 A.3d at 698; *see* Pet'r's Exs. at ECF p. 24 (attaching copy of verdict slip showing that jury found that "the value of the services obtained exceed[ed] fifty dollars ($50.00)").

On June 3, 2019, based on the grading of the theft of services conviction as a third-degree felony, the trial court sentenced the petitioner to a minimum of 21 months to a maximum of 42 months' incarceration, followed by three years' probation. *Id.*; Com. Pl. Docket; Pet. at ECF p. 1. The trial court also imposed restitution in the amount of $3,659. *Nellom*, 234 A.3d at 698; Pet. at ECF p. 1.

The petitioner, still proceeding *pro se*, filed a notice of appeal from his judgment of sentence to the Superior Court of Pennsylvania. *Nellom*, 234 A.3d at 698; Com. Pl. Docket. In the appeal, the petitioner raised five issues:

> I. Was the evidence sufficient to demonstrate that: 1) there were unauthorized taps on the outside electric line to the property; and 2) the electric line to the property had been previously cut or disconnected?

---

[2] The petitioner apparently represented himself at trial, although the trial court appointed standby counsel to assist him. *See Nellom*, 234 A.3d at 698.
[3] As discussed *infra*, the jury's determination of the value of the stolen services governed the grading of the offense. *See* 18 Pa. C.S. § 3926(c) (indicating that value of services affected grading of theft of services offense); 18 Pa. C.S. § 3903 (pertaining to grading of theft offenses).

> II. Did the trial court err by refusing to allow Appellant to introduce evidence of the PECO billing history for the subject property?
>
> III. Did the trial court err by refusing to allow Appellant to introduce evidence that his PECO bills were paid through his participation in the LIHEAP assistance program?
>
> IV. Was the verdict slip deficient because it did not require the jury to make a specific finding as to the value of the stolen services, resulting in an illegal sentence?
>
> V. Was the evidence sufficient to demonstrate that Appellant lived at the subject property?

*Nellom*, 234 A.3d at 699–700 (citation omitted); *see also* Pet. at ECF p. 2 (summarizing claims on appeal to Superior Court).

On June 10, 2020, the Superior Court affirmed in part and remanded in part the petitioner's judgment of sentence.[4] *See Nellom*, 234 A.3d at 705. With regard to the petitioner's first and fifth issues, which raised claims about the sufficiency of the evidence presented at trial, the Superior Court determined that the claims lacked merit. *See id.* at 700–03. As for the petitioner's second and third issues, the court concluded that he waived any claims relating to the admission of his PECO bills because he failed to identify the location in the record where the trial court either denied his request to introduce the evidence or otherwise ruled on his request. *Id.* at 703. The court also determined that even if the petitioner preserved the issues relating to the PECO bills, the record did not support his claims. *Id.* Concerning the petitioner's final issue, the court agreed with him that the verdict slip was deficient because it did not provide the jury with the "essential question[] necessary to elevate the grade of the offense . . . to . . . a felony of the third degree" insofar as the verdict slip did not ask the jury the proper questions to allow it to determine the value of the stolen services which would permit the offense being graded higher than a second-

---

[4] The petitioner attached a copy of the Superior Court's opinion to his habeas petition. *See* Pet'r's Exs. at ECF pp. 25–42.

degree misdemeanor.[5] *Id.* at 703–05. Since the jury did not find that the stolen services were valued at an amount which would have warranted the offense being graded as a third-degree felony, the Superior Court concluded that the petitioner's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 705. Therefore, the court directed that the matter be remanded to the trial court for resentencing, with the offense being graded as a second-degree misdemeanor in accordance with the jury finding only that the value of the stolen services exceeded $50. *Id.*

The petitioner filed an application for reargument with the Superior Court on June 23, 2020, which the Superior Court denied on August 17, 2020. *See* Docket, *Commonwealth v. Nellom*, No. 1669 EDA 2019 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1669%20EDA%202019&dnh=BQ1QS3MsJXlWoNK9X0tlQg%3D%3D; Pet'r's Exs. at ECF p. 43 (attaching copy of Superior Court's order denying application for reargument). He then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on September 9, 2020. *See id.*; *see also* Docket, *Commonwealth v. Nellom*, No. 551 MAL 2020 (Pa.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=551%20MAL%202020&dnh=ItTxujM5hW9m5O62Pwu3Sg%3D%3D ("Pa. Docket"). To date, the Supreme Court of Pennsylvania has not resolved that petition, and the petitioner has acknowledged that it is still pending disposition. *See* Pa. Docket (indicating petition is still pending); Pet. at ECF p. 3 (indicating that case before Supreme Court of Pennsylvania is still "[p]ending").

In addition to the foregoing, while the petitioner's petition for reargument was awaiting disposition by the Superior Court, the trial court resentenced the petitioner to a sentence of a

---

[5] The Superior Court explained that the jury would have had to specifically find that "the amount involved was between $200.00 and $2,000.00" or that it "exceeded $2,000" for the offense to be graded as a first-degree misdemeanor or a third-degree felony, respectively. *Nellom*, 234 A.3d at 705 (citing 18 Pa. C.S. § 3903(b), (a.1)).

minimum of one year to a maximum of two years' incarceration. *See* Com. Pl. Docket. The trial court also appears to have again imposed restitution totaling $3,659. *Id.* The petitioner appealed from this judgment of sentence to the Superior Court and that appeal remains pending. *Id.*; *see also* Docket, *Commonwealth v. Nellom*, No. 1622 EDA 2020 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1622%20EDA%202020&dnh=HfaWX5XlOeog5kVFe1nwIw%3D%3D.

Regarding this federal habeas proceeding, on February 12, 2021, the petitioner filed a habeas petition in the United States District Court for the Middle District of Pennsylvania.[6] Doc. No. 1. On March 18, 2021, the Honorable Malachy E. Mannion entered a memorandum opinion and order transferring the matter to this court. Doc. Nos. 3, 4.

In the habeas petition, the petitioner raises four claims. *See* Pet. at ECF pp. 5–11 (listing claims). Those claims are: (1) "False evidence and testimony was used to obtain and sustain conviction"; (2) "Actual innocence – No evidence places petitioner at the scene of the crime on the May 10, 2017 date listed on the verdict slip"; (3) "Violation of Apprendi v. New Jersey resulted in a[n] illegal misdemeanor conviction not charged"; and (4) "Illegally sentenced to a misdemeanor not charged against [him]." *Id.* at ECF pp. 5, 7, 9, 10–11.

## II.   DISCUSSION

"It is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. Blackwell*, 134 F. 3d 506, 513 (3d Cir. 1997) (citation omitted); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

---

[6] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, the petitioner included a declaration that he gave the petition to prison authorities for mailing to the court on February 12, 2021. *See* Pet. at ECF p. 16. The court has therefore used February 12, 2021 as the filing date.

judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). To exhaust state remedies, a petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). The petitioner generally bears the burden to prove all facts establishing exhaustion. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies." (citations omitted)).

Courts require habeas petitioners to exhaust state remedies because it "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Lambert*, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted). Thus, even though the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted). In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Here, the petitioner acknowledges that he is still currently challenging his conviction on direct appeal, and the publicly available records show that he has not yet completed his direct review insofar as he has a petition for allowance of appeal pending before the Supreme Court of

Pennsylvania. *See* Pet. at ECF p. 3 (stating case before Supreme Court of Pennsylvania on direct appeal is still pending); Pa. Docket (showing petition for allowance of appeal remains unresolved). As part of his petition for allowance of appeal, he is asserting claims that he is attempting to raise here, such as the sufficiency of the evidence presented during the trial. *Compare id.* at ECF pp. 5, 7 (asserting grounds related to "false evidence and testimony" being "used to obtain and sustain conviction" and "actual innocence . . . [because n]o evidence place[d him] at the scene of the crime"), *with* Pet'r's Exs. at ECF pp. 7, 12 (attaching his petition for allowance of appeal to the Supreme Court of Pennsylvania, which includes claims that "false evidence and testimony" was used to obtain his conviction and that he was "actual[ly] innoce[nt]" because there was no evidence presented which placed him at scene of crime). In addition, while not referenced in the habeas petition, the publicly available records show that the petitioner has appealed from the new sentence imposed by the trial court and that this appeal is still pending. The petitioner also challenging that new sentence as part of this habeas action. *See* Pet. at ECF pp. 10–11.

Although the petitioner is attempting to challenge his conviction and new sentence at this time, he has not fully exhausted his claims in the state court. As such, the instant petition is premature, and the court dismisses it without prejudice to the petitioner to refile it once he fully exhausts his available remedies in the state courts.[7]

### III. CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). A judge

---

[7] The court notes that there is nothing in the petition or public record indicating that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the [petitioner]," which would excuse exhaustion in this case. 28 U.S.C. § 2254(b)(1).

may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires a habeas petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Here, the court declines to issue a certificate of appealability as jurists of reason would not find it debatable whether the court should dismiss without prejudice this habeas petition because the petitioner has not fully exhausted his available state court remedies.

## IV.  CONCLUSION

The petitioner filed the instant habeas petition before his proceedings on direct appeal have concluded. Accordingly, the court dismisses the petition without prejudice to the petitioner to refile it once he fully exhausts his available state court remedies.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.